Dear Mr. Vaughn:
You have requested our opinion whether a member of the State Retirement and Pension System who has served in a reserve component of the United States armed forces is entitled to "military service" credit for the member's participation in annual summer reserve training prior to State employment.
For the reasons stated below, we conclude that military service credit should be granted if the member was (1) placed on active duty for such reserve training, (2) has at least ten years of creditable service with the State, and (3) otherwise satisfies the conditions for military service credit.
 I Background
After an initial period of basic training and active duty, members of a military reserve unit are generally required to devote one weekend per month and two weeks during each summer to training for the duration of their service in the reserve. We understand that the military distinguishes summer reserve training from weekend reserve training in certain respects. Orders are executed that place the reservist on active duty for the summer training with the result that the reservist receives "active duty points" — credits that count toward military retirement — for those two-week training periods. By contrast, no such orders are executed for weekend duty. See 10 U.S.C. § 10147(a) (members of ready reserve required to spend at least 14 days annually on active duty); 42 C.F.R. § 101.5 (reserve training requirements).
 II Military Service Credit
Your inquiry concerns the availability of military service credit for members of the State Retirement and Pension System for reserve duty performed prior to an individual's enrollment in the system. The State law concerning military service credit is set forth in Title 38, Subtitle 1, of the State Personnel and Pensions Article ("SPP") of the Annotated Code of Maryland. With certain exceptions, this subtitle applies not only to State systems but also to retirement or pension systems operated by units of State and local government that do not participate in a State system.[1]
One section of the subtitle, SPP, § 38-103, provides credit under certain conditions for absences from State or local employment to perform military service. Another section, SPP, § 38-104, expands the availability of military service credit for members of a State system with ten years service. The subtitle also provides a definition of "military service" for purposes of the credit.
A. Military Service Credit under Section 38-103
Under SPP, § 38-103, a member of a State or local pension or retirement system is eligible to receive up to five years of service credit in a pension system for a period of absence from employment while in military service if the member satisfies certain criteria. In particular, the member is eligible for military service credit if he or she:
 (1) does not withdraw any of the member's accumulated contributions, unless the member redeposits the sum withdrawn as provided under subsection (b) of this section;
 (2) within 1 year after the member leaves military service, is employed by the State or a political subdivision of the State; (3) does not take any employment other than the employment described in item (2) of this subsection, except for temporary employment after the member:
 (i) applied for reemployment in the member's former classification or position in the State service; and
 (ii) was refused immediate reemployment for causes beyond the member's control; and
 (4) applies for service credit with the State or local retirement or pension system in which the member held membership before the member's military service began.
SPP, § 38-103(a)(1)-(4). Although this provision is not a model of clarity, the use of the term "reemployment" in paragraph (a)(3) and the reference in paragraph (a)(4) to membership in the pension system prior to military service indicate that this section applies to military service that interrupts State or local employment.[2]
Review of the legislative history of this section confirms this interpretation. The predecessor of SPP, § 38-103 was enacted during World War II to provide certain employment and pension benefits to persons who left State employment to join the armed forces. Chapter 676, Laws of Maryland 1941. Indeed, that legislation created a new subtitle in Article 65 of the 1939 Annotated Code of Maryland named "Re-employment of Persons in Military Service." Id., § 1. Subsequent amendments of that provision renumbered the provision as Article 65, § 88, and enlarged its scope to encompass those who left State service to serve in the Korean and Vietnam conflicts.
In 1974, the Legislature amended former Article 65, § 88 to expand significantly the availability of the military service credit. However, when the State Personnel and Pensions Article was created in 1993 as part of the code revision process, the 1974 amendment was codified separately as SPP, § 38-104. Thus, SPP, § 38-103 derives from the earlier section that was directed to reemployment of former State employees. Accordingly, a member is not entitled to military service credit under § 38-103 for military service performed prior to any State employment.
B. Military Service Credit under Section 38-104
Members of a State retirement system[3] who do not satisfy all of the criteria in SPP, § 38-103 may nonetheless receive credit for up to five years of military service if they have ten years of creditable service[4] and have not received credit for the military service from another retirement or pension system.[5] SPP, § 38-104(b). As noted above, this provision originated as an amendment to § 88 of former Article 65 prior to the creation of the State Personnel and Pensions Article. See Chapter 622, Laws of Maryland 1974. Neither SPP, § 38-104 nor the predecessor language of former § 88 contains any requirement that the military service for which the member receives credit interrupt the member's public employment.
Thus, the credit available under § 38-104 encompasses periods of military service performed prior to the person's public employment. This construction of the 1974 amendment and § 38-104 has been acknowledged in subsequent reports by a committee of the General Assembly. See Joint Committee on Pensions, Report on the 1990 Interim (December 1990) at pp. 31-32.
C. Reserve Training as Military Service
The statute defines the types of military service eligible for the credit. Certain portions of reserve duty are included within that definition. In particular, SPP, § 38-101 provides, in relevant part, that:
 "Military service" means . . . membership in a reserve component of the armed forces of the United States on active duty or ordered or assigned to active duty.
SPP, § 38-101(d)(2). This provision, or substantially similar language, has been a part of the military service credit statute since the 1940s. See Chapter 676, Laws of Maryland 1941.
It is our understanding that, for purposes of the two-week summer training, orders are executed that place the reservist on active duty. Accordingly, under a straightforward reading of the definition of "military service," a member of a State pension system who is otherwise qualified under SPP, § 38-104 should receive credit for service rendered in the annual, two week summer training period, even if the member performed that service prior to enrollment in a State system. The member will, of course, have to submit any forms and materials required by the Agency to document the member's reserve membership service and the duration of active duty status.
 III Conclusion
In summary, it is our opinion that military service credit should be granted for summer reserve duty performed by a member of the State retirement system prior to State employment if (1) the member was placed on active duty for such reserve training, (2) if the member has at least ten years of creditable service with the State, and (3) otherwise satisfies the conditions of SPP, § 38-104.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Robert D. Feinstein Assistant Attorney General
______________________ Robert N. McDonald Chief Counsel Opinions and Advice
RETIREMENT SYSTEMS — MILITARY SERVICE — "MILITARY SERVICE CREDIT"AVAILABLE FOR SUMMER RESERVE DUTY PERFORMED PRIOR TO STATEEMPLOYMENT
[1] The Legislative Pension Plan is not covered by the military service credit provisions "except to the extent provided by the joint resolution submitted to the General Assembly by the General Assembly Compensation Commission under Article III, § 15 of the Maryland Constitution." SPP, § 38-101(g). The most recent resolution makes no provision for the accrual of retirement benefits in the event that a legislator is called upon to perform military service. Resolution of General Assembly CompensationCommission (January 1998).
[2] Service credit for pension benefits for the period of a member's absence from State employment for military duty are also protected by federal law. 38 U.S.C. § 4318. The federal law does not require an award of military service credits for military duty performed prior to State employment.
[3] The credit provided in SPP, § 38-104 applies only to members of a State pension or retirement system (other than the Legislative Pension Plan); by contrast, the credit provided in SPP, § 38-103 also applies to systems of political subdivisions.
[4] "Creditable service" is defined as the service credit of a member that is recognized for purposes of computing a benefit under a State retirement or pension system. SPP, § 20-101(m).
[5] This condition does not pertain to credit received under the Social Security system, disability benefits, and certain other benefits under federal law. SPP, § 38-104(b)(2).
84 Opinions of the Attorney General ___ (1999)(Unpublished)
 *Page 158